WILLIAM TORREY, appellant, *vs.* ZINA H. BLAIR.

Sagadahoc.    Opinion January 14, 1884.

*Will.    Testamentary capacity.    Physical pain.*

Where a fact is stated in a will in connection with a legacy, indicating a reason
for making the legacy, and that fact is denied by one contesting the probate
of the will, the burden is upon the contestant to show that the statement is
not true.

Suffering from physical pain cannot destroy testamentary capacity while sound-
ness of mind and memory remains.

ON EXCEPTIONS AND MOTIONS.

An appeal from the decision of the judge of probate admitting to probate the will of Mary E. Hitchcock, widow of James P. Hitchcock.

The will contained the following legacy:

" I give and bequeath to Samuel P. Hitchcock, brother of my late husband, three thousand dollars in money, in consideration of the losses he has sustained by endorsements for his brother, James P."

The verdict was in favor of the proponent and the contestant moved to set the verdict aside and for new trial on the ground of newly discovered evidence; he also moved that the decree of the judge of probate be reversed notwithstanding the verdict; and he alleged the exceptions stated in the opinion.

*W. Gilbert,* for the appellant.

The proponent relied upon the declaration contained in the alleged will that S. P. Hitchcock had suffered loss by the husband of testatrix to justify the provisions of the will in his favor as principal devisee.    Contestant contended that to make the alleged fact available evidence in support of the will the proponent must satisfy the jury that the fact existed.    But the judge ruled that

since the statement was contained in the will the burden of proof is on the contestant to invalidate it.

The question is whether the will is a true will. And the provisions of the will, and their character, and the propriety or impropriety of them are evidence bearing upon the question. So by this ruling we are to assume that the will is true in order to gain evidence to prove it to be true. This is what logicians call reasoning in a circle.

I press the question whether a fact asserted in a contested will can be assumed in order to afford evidence to prove the will is the act of the decedent, and a true expression of her wish and purpose. This is what the ruling does; and the case comes to the distinct and explicit question whether such a perversion shall receive the sanction of the court and be embodied in the jurisprudence of the state? Is this a fit doctrine to be spread upon the records of the court of final resort, and to be published to the world as the solemn resolve of a tribunal seeking applause of the conscience and the approval of the profession at home or abroad? Or could the ingenuity of a reporter avail to doctor and dress such a decision in a manner to make it even seem decent?

*J. W. Spaulding and F. J. Buker*, for the proponent.

SYMONDS, J: The first exception is stated as follows:

"The said Torrey denied that Samuel P. Hitchcock had suffered loss by endorsements for his brother, James P. Hitchcock, and maintained that the assumption of such a fact in the alleged will was without foundation in fact; that the alleged will having been made under a delusion in that regard, that legacy did not express the real will of the alleged testatrix; that in fact, if the will was made by the alleged testatrix when of sound mind and memory, that provision had been induced by false and fraudulent representations of said Blair and said Samuel. He contended that the burden of proof was on the proponent to satisfy the jury of the truth of the fact thus assumed.

"But the judge presiding ruled that as the alleged will stated the alleged fact, it must be considered true unless the appellant had satisfied the jury that it were not true."

Clearly an argument adverse to the alleged will could not be drawn from its mis-statement of fact until it was first proved that the fact was mis-stated therein. The exception alleges the contestant to have been the party who denied the recital in the will; who maintained that the assumption (in the will) of loss sustained by Samuel P. Hitchcock by indorsing for his brother, James P. Hitchcock, was without foundation; and affirmed that the testatrix was under a delusion in that respect induced by false and fraudulent representations which had been made to her.

There was nothing to support this claim, until some evidence was offered to disprove the recital of fact which the will contained. Upon the issue, as the exception states it, the burden of proof was upon the contestant. It was for him to establish the facts which he sought to urge against the probate of the will. The ruling, therefore, was correct.

The second exception, which is insisted upon but not argued by the counsel for the contestant, is as follows:

"The said Torrey among other things requested the judge to instruct the jury that if the alleged testatrix was of sound mind and memory at the time when the alleged will was made, and yet was suffering so much from pain that she could not fully and deliberately consider what she was doing, she could not make a will."

This request assumes that suffering from pain may destroy testamentary capacity, even while soundness of mind and memory remains. It could not properly have been given. The jury were instructed as to the capacity necessary to enable one to make a will in terms to which no exceptions are taken.

After full examination of the case, it is the opinion of the court that the exceptions and the motions for new trial should be overruled. The evidence in support of the latter does not present a case, in which (under the rules of law applicable to such motions) a new trial should be granted on the ground that the verdict is against evidence, nor for newly discovered evidence.

It is unnecessary to consider the question whether the law court has jurisdiction of the motion to disallow the will, not-withstanding the verdict, and to reverse the decree of the probate

court, admitting it to probate; as we are satisfied that upon the evidence such motion should not prevail.

> *Exceptions and motions for new trial*
> *overruled.*

BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.